United States District Court
District of South Carolina

| | | |
|---|---|---|
| Robert Lee Gist, #77117; | ) | C/A No. 3:05-1577-TLW-JRM |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| State of South Carolina; John Ozmint, Director of the S.C. | ) | |
| Department of Corrections; and Henry D. McMaster, | ) | |
| Attorney General for South Carolina; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The Petitioner, Robert Gist (hereafter, the "Petitioner"), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254.    By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §2241(b)(3).  Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at Allendale Correctional Institution, serving a sentence of life imprisonment after a 1975 conviction upon pleading guilty to a murder charge in the Spartanburg County Court of General Sessions.  Petitioner has filed a number of attachments with his initial pleading.  They include copies of his indictment, his guilty plea and excerpts from a coroner's inquest held on May 8, 1975.  [1-3, pp. 32-46.]  From these documents the essential facts of the crime can be gleaned.

 E.J. Amaker was a citizen of Spartanburg, South Carolina, who owned and/or operated a Sheet Metal and Coal Yard.   [1-3, p. 33.]  On April 3, 1975, he was shot to death at his business

1

establishment in the presence of his wife, who was not wounded.   At the coroner's inquest, one of the investigating police officers, C.P. Sawyer, Jr., summarized the information that had been gathered as of that date.  According to Officer Sawyer, an individual named Bobby Wheeler had planned the robbery of Mr. Amaker on April 3, 1975, believing that money for the payroll would be present in the office.  Wheeler recruited three others – Marvin Martin, Ricky Geter and Petitioner – to commit the robbery for him.

On the afternoon of April 3, 1975, the three men entered Amaker's establishment.  The wife reported that one of them asked about ordering a ton of coal, while another described the location where the coal should be delivered.  As Mr. Amaker rose from his chair, one of the men shot him.  Officer Sawyer stated that, as of May 8, 1975, Wheeler, Geter and Petitioner had been arrested.  Martin was being sought.  [1-3, pp. 34-35.]

On June 16, 1975, Petitioner and Geter were indicted for murder while committing a robbery.  Wheeler was indicted as an accessory before the fact to the murder and attempted robbery.  [1-3, p. 43.]  According to Petitioner,  Geter cooperated with the authorities and Martin was apprehended seven years later.  [1-3, p. 16]

Petitioner's documents include copies of guilty pleas to the murder charge, signed by Geter and Petitioner together with Wheeler's signed guilty plea to the accessory charge. Presiding Judge Wade S. Weatherford then wrote the sentences: life imprisonment for Petitioner and Geter and eighteen years imprisonment for Wheeler.  [1-3, pp. 42, 44 and 45.]  The attachments also include a copy of a request for the trial transcript filed on March 18, 1976, by Wheeler in which he stated his intention to seek post-conviction relief.  [1-3, p. 46.]  Whether or not Wheeler pursued such an application is not known.

Under Houston v. Lack, 487 U.S. 266 (1988), Petitioner commenced this action on May 31, 2005, nearly thirty (30) years after he entered his guilty plea and received his sentence of life imprisonment. Petitioner seeks *habeas corpus* relief from this conviction on the basis that he was denied representation by an attorney in the murder prosecution. In 1998 or 1999, he filed a petition for *habeas corpus* relief in state court.[1] It was dismissed and the dismissal was affirmed by the South Carolina Court of Appeals on February, 2000. See Gist v. Moore, 2000-UP-072 (S.C. App. 2000.) Later that year he filed a Post-Conviction Relief (PCR) application in the Spartanburg County Court of Common Pleas. See Gist v. State, 2000-CP-42-0666. Petitioner was represented at a hearing in April, 2002. The application was dismissed in May, 2002. [1-3, p. 13.] In August, 2003, the South Carolina Supreme Court declined to grant a Writ of Certiorari. [1-3, p. 18.]

> In response to Item 18 on his petition form (Form AO-241), Petitioner writes:
>
> The Petitioner submits that he is not barred from habeas consideration because the Grounds he raises results from a failure to appoint counsel in violation of the 6th and 14th Amendments to the United States Constitution, in which, the U.S. Supreme Court has held in the case of Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 149 L. Ed. 2d 608, 121 S. Ct. 1567 (2001) "is an exception to the general rule prohibiting attacks on convictions that are no longer open for collateral attack." Id. at 121 S. Ct. 1574-1575.

[1-1, p. 13.]

On June 8, 2005, the undersigned filed an order directing Petitioner to answer Special Interrogatories. [4-1.] The questions were designed to determine whether or not Petitioner had

---

[1] – There are discrepancies in the dates of this initial filing. Petitioner provides July 31, 1998, as the date of filing his *habeas corpus* action in the Spartanburg Count Court of Common Pleas. Yet he provides the civil action number (2000-CP-42-0666) of his subsequent PCR proceeding. [1-1, p. 3] Compounding the confusion, the unpublished opinion of the South Carolina Court of Appeals in Gist v. State, 2000-UP-072, states that the petition was filed on March 30, 1999. (That date itself seems incorrect, too, because the same paragraph relates that the respondent filed a return on March 10, 1999, and the matter was dismissed on March 16, 1999 – twenty and fourteen days before the filing, respectively.) Giving the benefit of the doubt to the Petitioner, the undersigned has adopted July, 1998, as the filing date. This detail is ultimately of no importance, since the present action is time-barred, as discussed below.

sought appellate review or made any collateral attack upon his conviction between June, 1975,

and the date of his first state court *habeas corpus* petition.   On June 17, 2005, Petitioner filed his

responses.  He acknowledged that more than twenty-three years passed before he made any

effort to set aside his conviction.

## *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.

Hughes v. Rowe, 449 U.S. 5 (1980);  Estelle v. Gamble, 429 U.S.97 (1976);  Haines v. Kerner,

404 U.S. 519 (1972);  Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978);  Gordon v. Leeke, 574 F.

2d 1147 (4th 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by

attorneys.  Even under this less stringent standard, however, a *pro se* petition is still subject to

summary dismissal.  The mandated liberal construction means only that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so.   Barnett v. Hargett, 174 F.3d 1128 (10th  Cir. 1999).  A court may not construct the

plaintiff's legal arguments for him.  Small v. Endicott, 998 F.2d 411 (7th  Cir. 1993).  Nor should

a court "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d

1274, 1278 (4th  Cir. 1985).

## DISCUSSION

The petition is untimely under 28 U.S.C. §2244(d).  The AEDPA  took effect as a statute

of limitations for federal *habeas corpus* relief on April 24, 1996:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A one year "grace period" from the AEDPA effective date has been judicially recognized for petitioners whose convictions became final prior thereto. Crawley v. Catoe, 257 F. 3d 395 (4th Cir. 2001);  Spencer v. Sutton, 239 F. 3d 626 (4th Cir. 2001);  Hernandez v. Caldwell, 225 F. 3d 435 (4th Cir. 2000);  Harris v. Hutchinson, 209 F. 3d 325 (4th Cir. 2000);  Brown v. Angelone, 150 F. 3d 370 (4th Cir. 1998).  Under the AEDPA, and these court decisions, therefore, Petitioner could have sought *habeas corpus* relief in this Court at any time before April 24, 1997.  He did not.

Between April, 1997, and the commencement of this action in May, 2005, Petitioner has allowed more than eight years to pass.  Petitioner's state court proceedings, between July, 1998, and August, 2003, do not toll the AEDPA statute of limitations.  Both the statute of limitations and the tolling provisions are found in 28 U.S.C. § 2244(d)(2) cited above.  The United States Supreme Court, in Pace v. Digueglielmo, — US —, 125 S. Ct. 1807 (2005) has held that an untimely state post-conviction application is not "properly filed" for purposes of this statutory provision:

> [W]e hold that time limits, no matter their form, are "filing" conditions.  Because the state court rejected petition's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2).

In <u>Gist v. State</u>, 2000-CP-42-0666, the South Carolina Supreme Court declared: "Because we

believe the post-conviction judge properly dismissed petitioner's application as untimely, we

deny the petition for a writ of certiorari...." [1-3, p. 19.]   <u>Pace</u> compels a finding that the present

action is untimely under AEDPA.

The United States Supreme Court and decisions of the Fourth Circuit have treated this

statute of limitations as being subject to equitable tolling. <u>Lindh v. Murphy</u>, 521 U.S. 320

(1997).  As noted above, Petitioner commenced this action almost thirty years after his

conviction.  Twenty three years passed – according to his pleading – before he made his first

attack upon that conviction.  These figures are not dispositive of the timeliness issue, but they do

influence the equities in consideration of equitable tolling.  Petitioner has had two opportunities

to explain his belated filing of this action: (1) the petition form itself invites an explanation for

delay (Item 18, AO-241 form noted above): and (2) the Special Interrogatories also invited such

an explanation. On both occasions, Petitioner responded in virtually identical language, citing

<u>Lackwanna County District Attorney v. Coss</u>, <u>supra</u>.  His reliance on that decision is misplaced.

<u>Lackawanna</u> does not allow collateral attack on <u>any</u> conviction wherein the defendant was

denied representation.  <u>Lackawanna</u> resolved a narrow question: shall a defendant be allowed to

attack a prior conviction in a § 2254 proceeding directed to a later state court sentence that was

enhanced  because of the prior conviction when that prior conviction had already been served yet

was obtained without representation by trial counsel?  The Court answered this specific question

affirmatively:

> When an otherwise qualified § 2254 petitioner can demonstrate that his current
> sentence was enhanced on the basis of a prior conviction that was obtained
> where there was a failure to appoint counsel in violation of the Sixth Amendment,

6

the current sentence cannot stand and habeas relief is appropriate.[2]

Lackawanna is completely inapposite to the present action, since Petitioner attacks his primary conviction not a subsequent enhanced sentence.

Petitioner insists that he is actually innocent of the crime committed in April, 1975.  He suggests that he did not intend to kill E.J. Amaker but only to rob him.  He laments that "the hand of one" was deemed "the hand of all" in his case.  [1-1, p. 16.]  Whether or not this well-settled rule was properly applied in Petitioner's case is a matter which cannot be reasonably adjudicated now after the passage of thirty years.

Petitioner declines to give this Court any grounds for equitable tolling of the AEDPA statute of limitations.  One of his attachments, noted above, is a copy of Bobby Wheeler's 1976 request for a transcript to use in his own post-conviction proceeding.  [1-3, p. 46.]  Petitioner does not explain how he came into possession of this paper.  The notion is hard to resist that at some point over the course of more than two decades – from 1975 until the 1997 expiration of the AEDPA "grace period" – Petitioner must have realized that some appellate review or collateral attack should be undertaken.  Yet he took no such action until more than a year later (at the earliest).  Equitable tolling of the AEDPA statute of limitations should not be granted in this case.

The United States Court of Appeals for the Fourth Circuit has mandated extra caution in *sua sponte* dismissals of untimely petitions under AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The

---

[2] – This rule in Lackawanna was also recognized in the setting of § 2255 motions brought by federal defendants in Daniels v. United States, 532 US. 374 (2001) filed on the same day.

district court ought at least to inquire whether there are any facts not apparent to
the court that militate against the application of the limitations bar.

McMillan v. Jarvis, 332 F3d 244, 249 (4th Cir. 2003);  Hill v. Braxton, 277 F3d 701 (4th Cir.

2002).  With these guidelines in mind, the undersigned concludes that Petitioner has received

ample notice and opportunity to explain his belated petition for *habeas corpus* relief.  This action

should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the above-captioned case be dismissed without

prejudice and without requiring the respondents to file an answer.  *See* Allen v. Perini, 424 F.2d

134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and

eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

The petitioner's attention is directed to the notice on the next page.

s/Joseph R. McCrorey
United States Magistrate Judge

June 28, 2005
Columbia, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**<u>&</u>**
**<u>The Serious Consequences of a Failure to Do So</u>**

   The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

   During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

    **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

    **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* <u>Wright v. Collins</u>, supra; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**